# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 08-0256-WS |
| | ) | |
| **BARRY JAY SULLIVAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

The defendant has filed a motion under Section 3582(c)(1)(A)(i) to modify his sentence. (Doc. 285).[1] The defendant seeks a release to home confinement to complete the final ten years of his sentence, due to the "extraordinary risks to the defendant's health" posed by COVID-19. (*Id*. at 1). The defendant asserts that he has had COVID-19 and spent two weeks in a succession of free-world hospitals as a result. When his motion was mailed on or about May 21, 2020, he was in quarantine at Yazoo City and remained on antibiotics and inhalers. (*Id*. at 4-5, 30-31). The defendant says he has sought relief from the warden as required by Section 3582(c)(1)(A). (*Id*. at 20).

The defendant presented no medical records or other evidence of his bout with COVID-19 and its seriousness. Nor did he present evidence or argument as to how, if he has successfully recovered from the virus, he remains at "extraordinary risk" from it. Nor did he identify the date he sought relief from the warden or present any evidence confirming that, or when, he did so. The Court therefore provided the defendant a full three weeks to supplement his motion with such evidence and argument, (Doc. 287), which has now stretched to four. The government submitted the defendant's medical records, (Doc. 289),[2] but the defendant submitted nothing.

---

[1] In 2009, the Court sentenced the defendant to 300 months imprisonment. (Doc. 142). The Bureau of Prisons' website identifies his current anticipated release date as January 9, 2030.

[2] The government's motion for leave to file these records under seal, (Doc. 288), is **granted**.

The medical records reveal that the defendant was hospitalized on April 25 and placed on oxygen (not a ventilator). He was discharged on May 9, in good condition and no longer requiring oxygen. Upon his return to prison, his only complaint was shortness of breath after walking; he was given an inhaler, which helped when he remembered to use it. By May 19, the defendant denied even shortness of breath. On May 25, the date of his most recent medical record, he again denied any complaint. (Doc. 289 at 1-37).

A defendant may move for release for "extraordinary and compelling reasons" ("compassionate release"), but only "after [he] has fully exhausted all administrative rights to appeal a failure by the Bureau of Prisons to bring a motion on [his] behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C § 3582(c)(1)(A). Because the defendant has not shown that he has satisfied this procedural requirement, his motion is due to be denied on that basis.

Nor has the defendant shown that his now historical brush with COVID-19 represents an "extraordinary and compelling reason" sufficient to support compassionate release. The medical records confirm that the defendant had a serious but not life-threatening encounter with the disease and that he has made a complete recovery. The defendant has identified nothing suggesting he is at risk of contracting the virus a second time or that, if he were to do so, his experience would be any more dangerous than before.[3]

While the defendant focuses on his COVID-19 experience, he also mentions his mother's health. (Doc. 285 at 5). This is not an "extraordinary and compelling reason" for compassionate release as established by the United States Sentencing Commission. U.S.S.G. § 1B1.13 application note 1(C).

For the reasons set forth above, the defendant's motion for compassionate release is **denied**.

---

[3] The defendant is 48 years old and has no serious medical condition. (Doc. 128 at 3, 19; Doc. 289).

DONE and ORDERED this 2nd day of July, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE